Good morning, your honors. Anthony Locricchio for Seto et al. I want to point out to the court at the beginning of this that the initial statements I'm making are not intended to be flip. At my age, flip is beyond me. The heading in this case is wrong. It's not Mariel Seto et al. v. Kaminaitakere. It is disgruntled former tenant versus. The tyranny of labels in this case, labels such as unintelligible, incomprehensible, steered this case in the key portions of the case where the presiding judge invited motions for dismissal and motions for attorney fees. We're focusing on attorney fees today and where they're rooted. The question here is, was there Rule 11 violations sufficient to award 100% more than was asked and to avoid res judicata? The real elements here are the question of, was what was filed, did it violate Rule 8? Rule 8 was the stated reason for the denial of the initial complaint. In fact, there were 62 pages in the complaint. My God, there were 62 pages, and they were all incomprehensible, et cetera. There were 10 different areas to inform the court as to why this was a very unusual situation Along with the bid, a huge foot and a half high stack of intentions of the bidder to violate the law were included, and the state gave permission to do so. Therefore, we had started out in the state court with trying to challenge the bid, and then we sat down and said, this is a pro bono case. We don't have the money. Let's look at what we really want to accomplish, and that is the protection of the environment and the Hawaiian rights protection. This is a very unique place. Hawaiians believe that spirits come and go from this location. It's a place where the federal government provided the money to purchase the land, and therefore the federal issues as it affects the land. In this case, there has been absolutely no denial that my principal failing in the case actually did occur. I failed to protect the environment. I failed to stop a major desecration of an important Hawaiian cultural site. That failure, however, does not warrant Rule 11. The Attorney General, who I've accused of some very serious acts, I won't go further than that. Three major cases have come up since this was first filed. The Kalikini case in which the Supreme Court entered the strongest, most extensive protection of Hawaiian rights and Hawaiian cultural events. Counsel, your time is going quickly. You may use it in any way that you want. You haven't come close to addressing, I think, the issues that are before the court. One thing that I would like you to address is whether we should even hear your appeal in this case today because you have violated numerous provisions of Federal Rule of Appellate Procedure 28 in the production of your brief. We did clarify that. We did correct that, Your Honor, and submitted an additional brief, and it was approved. We were allowed to submit it. So that point we have already taken care of. And what is our standard of review for the imposition of Rule 11 sanctions? Is that part of a piece of discretion? The standard of review is laid out that, in fact, it had to be unreasonable, frivolous. No, our standard of review is for abuse of discretion on the part of the district court, isn't it? The abuse of discretion on the part of the district court was that there were two motions for attorney fees. The district court, through the magistrate who addresses those, made a determination. Number one was unintelligible and incomprehensible, and he dismissed it. The failure to move for clarification of the magistrate's order left that entire matter of attorney fees denied. The attempt to come in after that, the defendant did not ask for a clarification. He did not seek to change his standard of review. Well, you had the opportunity, counsel, there was an opportunity to file an amended complaint, and all the time deadlines were missed one after another. And eventually the court said, well, you know, you haven't done it. So the lack of clarification, it seems to me, Why couldn't the court conclude that you had lost the opportunity to make that clarification? Your Honor, what happened is that the court dismissed the complaint without prejudice. We were, and we informed the court as carefully as we could, because this was a very touchy situation. We were getting information from inside Carolina Care defendants as to major violations that were going on there. We did, and I fully admit, we stalled because we needed to get that information without getting people fired. We did not want to reveal. So if it was, in our understanding, a motion without prejudice, the fact that the court suddenly put a time limit on the time you could file was a violation of due process. She could not do that once she made her initial ruling. We lined up all of our... Counsel, did your case depend on getting information that occurred after you filed the complaint? The second case, Your Honor, did depend on trying... Remember, our goal was to try and stop the environmental... Right, but if you couldn't file a clear complaint because you still needed additional information, doesn't that suggest that at the time you filed the complaint that you didn't have a case? No, Your Honor. We had a case. What we did when they said it was incomprehensible, we took... We took all the prior cases, all the prior pages, and you ended up with a little over three pages per count. Ten counts. You can't be blamed for... Go ahead. Right, but you... You know, one of the things that the court asked you for was clarification about the Coastal Zone Management Act and the Historic Preservation Act and your claim under the Clean Water Act and so on, and you failed to provide any citations to any statute that would have shown where the violation was. That is not true, Your Honor. Well, I read the complaint. What we did... It looks pretty clear. Okay. What we did after we filed the complaint is we showed in this state of notice publication that each of those ten, and we took them one by one, page by page, and showed in fact where we had substantiated the basis for that complaint. They were interlocked, and the three cases that came down from the Hawaii Supreme Court gave us the standing. The question raised by the court is, do you have any standing? The question raised by the magistrate is, but you had no right to come to federal court to defend against these violations of federal statute. With that, we submitted both with the first complaint and the forced second complaint. The second complaint was broader in that actions had happened since. The first complaint was more than sufficiently covered. The standing is there. The attorney general argues that Rule 11 should be applied. The important thing is after he put in his motion for attorney fees and it was denied, he did not seek attorney fees the second time. He doesn't have... I'm sorry. You finished your thought, but you have exceeded your time, so just wrap up your current thought in a sentence or two. I meant to reserve, but that's... He didn't have standing to argue Rule 11 because he had not raised it and could not raise it because he was barred from the unintelligible ruling that... motion that he had filed. The same shoe fits when we tried to go point by point and show we had met Rule 8. They didn't even bother to respond to it. So any comments that the attorney general made, who I've accused of covering up fines of $10,000 a day after the Supreme Court, he's the principal attorney over there, after they ordered him to follow the rules. Thank you, counsel. Thank you. Good morning, Your Honors. Dwayne Miyashiro. May it please the Court, I am Dwayne Miyashiro. I represent the defendants, Apolise Raymond Sanborn and Carmina Kerr, Inc., also present with me is my associate, Arsima Muller. If I can start off with answering Judge Graber's question on what is the standard for Rule 11. Under the Holgate decision, the Ninth Circuit finds that abuse of discretion is the standard and it's further defined within that case as being an erroneous view of the law or on a clearly erroneous assessment of the law. And I was going to come out with a basic outline on why the Rule 11 sanctions should stand, but I do want to point out to the Court that there is a res judicata issue that was belatedly raised by the counsel, not on the briefs. In fact, he waived those arguments by not filing an opposition to the Rule 11 motion, but he did raise that oral argument. And in the Court below, the Magistrate Judge Curran found that res judicata did not apply by virtue of the fact, or at least by his conclusion, that the State and the co-defendant, Carmina Kerr, were not privies. I will note for the Court that notwithstanding that we are not privies, Carmina Kerr did join in the motion, so in effect we are the same party in that allegedly or arguably related action. But I'm here to explain to the Court why res judicata does not apply in this instance. And under the test set forth in the Ninth Circuit case law, res judicata requires three things, and all three things require a prior action. It requires the same parties in a prior action are the privies, the same or substantially the same case or issues in the prior action, and finally a final judgment on the merits in a prior action. What occurred here is that the State, and we joined as co-movements on the motion, sought Rule 41D sanctions under the, I'm sorry, Rule 41D attorney fees and costs under the Federal Rules of Civil Procedure. And as we understand Rule 41D, that statute is designed to allow a court to have the discretion to issue sanctions in a prior action that is dismissed by the plaintiff, which occurred here, and then raised again in the subsequent Federal Court action. And so what occurred here is that there was a prior State Court action, which we laid out in our briefs, that the plaintiff's counsel voluntarily dismissed, and in doing so he raised the same or substantially similar claims in the Federal Court action. And so the State, and we joined the State's motion, sought fees and costs incurred in the prior State Court action. Now, Magistrate Judge Curran denied that motion as moot because ultimately the Federal Court case was dismissed and the motion for leave to amend was denied. And for the record, the KCIs joined it was actually terminated, so there was no ruling on the merits. But the central issue here is that there was no prior action. That lack of ruling, the mootness or termination of the motion and the joinder, occurred in this Federal action. So there was no prior action. And what was sought was $5,000 by my clients incurred in the State Court action. Here the $70,000 that was awarded by the District Court were fees and costs incurred in the Federal District Court. So again, this has nothing to do with a final judgment terminated on the merits in a prior action. Unless the Court has any questions, I would respectfully request that the Court affirm the judgment. We think that this is precisely the type of conduct that Rule 11 is designed to deter and that the $70,000 and change should be affirmed on appeal. Thank you, Counsel. I don't believe that we have any more questions. Thank you. And we used some of your time with questions. If you'd like one minute for rebuttal, you may have it. I really appreciate that, Your Honor. Very quickly, when Magistrate Curran ruled that he was denying it because of mootness, he separately ruled, and I'm dismissing it because I don't understand it. The duty, therefore, was to clarify, to file a motion to clarify. Counsel is wrong. They were seeking costs and fees in a terminated. The original complaint had already been dismissed in the Federal Court case, and they were seeking costs and fees in the Federal Court case. Any clarification that they needed to make, because they did join, they needed to do and they failed to do in the District Court. They needed to clarify, but you didn't understand what we were saying. You made that clear, so let us clarify and ask for a new ruling. I think we understand the arguments of both parties. The case just argued is submitted. We appreciate the arguments.
judges: Graber, Bybee, Christen